GRIESLER ET AL. v. McKENNON.

| 44 | 517 |
| 65 | 462 |

1. TITLE: *Parties claiming under same grantor.*

   When both parties claim title to land under the same grantor both are estopped to deny his seizin.

2. ACKNOWLEDGMENT: *Of title bond and assignment.*

   The execution of a title bond and of its assignment must both be acknowledged as required for a deed and properly certified and recorded before they can be admitted as evidence without other proof of execution. The omission of the word "consideration" in the acknowledgment is fatal. But where the execution is otherwise proven at the trial they are admissible notwithstanding the defective acknowledgment.

APPEAL from *Johnson* Circuit Court.

Hon. M. L. DAVIS, Special Judge.

*W. F. Hill* for appellants.

The court erred in excluding from the jury the title bond and assignment, after proof of actual notice to appellee.

While the acknowledgment is defective it is cured by *acts 1883, pp. 107 and 128-9.* But after proof of actual notice and of its execution, the documents were admissible without acknowledgment or record. Appellee was in no sense an innocent purchaser. The bond for title and assignment passed title without acknowledgment. *14 Ark., 286.*

*Geo. L. Basham* for appellee.

The title bond and assignment properly excluded. The acknowledgment was fatally defective, "consideration" being left out, and was not cured by the acts of 1883, as both conveyances were made and rights of the parties fixed before the passage of the act.

The contract was never acknowledged or *recorded*, nor was there any proof of its execution. *38 Ark., 181; 40 Ark., 237; 38 Ark., 278.*

C. B. MOORE, Sp. J.  On the twenty-ninth of October, 1883, F. R. McKennon brought suit in ejectment in the Johnson Circuit Court, against Mary E. Griesler and her husband George Griesler, for the recovery of the northwest quarter of the northwest quarter of section twenty, in township nine north, of range twenty-four west.

As evidence of his title McKennon filed with his complaint a copy of a deed of conveyance to the land, executed to him by K. T. Stovall, dated March 4, 1882, duly acknowledged and recorded on the seventh day of April, 1882. The defendants answered the complaint, denying McKennon's ownership and right of possession of the land,

and claiming ownership in Mary E. Griesler, the wife, by virtue of a contract of sale or bond for title executed by the Little Rock and Fort Smith Railway to the aforesaid K. T. Stovall on the eleventh day of October, 1878, and by him duly assigned on the fifth day of September, 1881, to Mary E. Blackard, since then married, and now Mary E. Griesler.

A copy of this contract of sale, and the assignment indorsed thereon was exhibited with the answer, which was filed on the sixth of December, 1883.

This document, which is styled an agreement or contract of sale, though more elaborate and lengthy than such instruments usually are, is nothing more nor less than what is commonly called and known as a title bond.

A jury trial was had before a special judge, Hon. M. L. Davis, and verdict and judgment rendered on the nineteenth of December 1883, in favor of McKennon for possession of the land.

Motion was made for a new trial, which was overruled, and bill of exceptions and appeal taken.

No exceptions were filed or noted, before the trial, to the documentary evidence exhibited by either party.

On the trial appellants offered in evidence the title bond, and the assignment of same to Mary E. Blackard, (Griesler). To the introduction of the assignment appellee objected "because of the defective acknowledgment to said assignment," which objection was sustained by the court and the assignment excluded.

It will be noted that at the time of suit brought, and of the trial, the legal title to the land was outstanding in the Little Rock and Fort Smith Railway, but as both parties claim under and through Stovall, each is estopped to deny his seizin. *Stafford et al. v. Watson, 41 Ark., 17.*

1. TITLE: Claim under same grantor.

Passing over this fact, and without deciding whether

either party to this suit could, under the condition of the title disclosed, *stricti juris*, maintain ejectment, we will consider the question as presented by the record.

There are several errors alleged in the motion for a new trial, apparently formal, and certainly immaterial, and not necessary to be considered by us.

2. Acknowledgment of title bond, etc.    The action of the Circuit Court in excluding from the jury the assignment of the title bond, is the only ground of error insisted upon, or particularly mentioned by counsel for either side, in argument here.

That the acknowledgment of the assignment of this title bond is defective cannot be denied, as the word "consideration" required by the statute, and which this court has held to be essential, is entirely omitted.

Our statute provides that "all deeds and other instruments of writing for the conveyance of any real estate, *or by which any real estate may be affected in law* or equity, shall be proven in conformity with the provisions of this act" (the act prescribing the mode of acknowledgment), "before they or any of them shall be admitted to record." *Mansfield's Digest, sec. 660.*

*Section 664* further provides "that after being properly acknowledged or proved and certified, every deed and instrument in writing conveying or affecting real estate, may, together with the certificate of acknowledgment, be recorded; and when so recorded may be read in evidence without further proof of execution."

That a title bond is such an instrument "affecting real estate" as may be acknowledged and admitted to record we entertain no doubt, and this is equally true of the duly executed assignment of a title bond, and when acknowledged and recorded, they may be read in evidence without further proof of execution.

The primary object in taking the acknowledgment of

any instrument, is that it may be entitled to record, and the principal benefit to be derived from recording is to give notice to the world, constructively, of its contents, and to dispense with any other proof of its execution. It is not the acknowledgment alone that authorizes the introduction of a deed or other instrument as evidence of its execution. It must also be filed and recorded. *Mansfield's Digest, sec. 664; Wilson and wife v. Spring, 38 Ark., 181; Watson v. Billings, Ib., 278; Dorr v. School District, 40 Ark., 237.*

And it is not the acknowledgment and recording, or registry, of a deed or title bond (or its assignment) that imparts to it vitality or efficacy in the first instance. Such instruments are as valid and binding between the original parties and their representatives, before as after acknowledgment and record.

These two things impart constructive notice to the world, and then, other things being equal, the instrument will prevail as against subsequent purchasers and creditors or incumbrancers.

But in the event of a contest between purchasers or incumbrancers, actual notice of a prior conveyance of the title to real estate is equally efficacious with constructive notice. Actual notice.

In the early case of *Floyd et al. v. Ricks, 14 Ark.,* at page *294,* this court made use of the following language: "Notice of an unrecorded deed is equivalent to a record of it, and will necessarily destroy the effect of a subsequent registered deed because one object of the registry acts is to give notice to subsequent purchasers, and if they have such notice without registry, that is all that can be required."

Actual notice, or "knowledge of the fact brought home to a party directly" as Bouvier defines the phrase, may be

proved in a variety of ways. It can be proved in no way more conclusively and satisfactorily than by the admission of a subsequent purchaser or incumbrancer, if fairly and fully made.

Now applying the foregoing, which are but elementary and well known principles, to the case under consideration, let us see whether the appellee had knowledge or notice of the assignment of Stovall's interest to appellant, in either of the ways above indicated. There being no proper acknowledgment nor registry there was no constructive notice.

Mrs. Griesler, in her testimony, says: "K. T. Stovall assigned to me a contract which he held with the Little Rock and Fort Smith Railway Company for this land now in dispute on the fifth day of September, 1881."

McKennon, the appellee, testified as follows: "In March 1882, I visited Mrs. Griesler in company with her brother K. T. Stovall, and tried to get her to surrender to me the contract which she held for the land now in controversy, without suit, but she refused. * * * *I knew that K. T. Stovall had assigned the railway cantract for the land now in controversy to Mrs. Blackard, now Mrs. Griesler, before K. T. Stovall executed deed to me for same."*

It is difficult to conceive of language more explicit and direct, as an admission of knowledge or notice of the unrecorded assignment.

This admission unequivocally made to the jury deprived appellee of all pretext or claim to be regarded as a *bona fide* purchaser, without notice.

Mrs. Griesler, by her testimony, proved the execution of the assignment, and it was in no manner contradicted by appellee.

There was no error in excluding the assignment of the title bond from the jury on the ground of the defective

acknowledgment and want of registry, if this were all, but after the admission of actual notice by the evidence of appellee, and the proof of execution of the assignment, by Mrs. Griesler's testimony, the Circuit Court should have permitted the title bond and the assignment thereof to have been introduced in evidence to the jury.

For the error in excluding it, after this admission and proof of its execution, the judgment is reversed and the cause remanded for further proceedings in accordance with law, and consistent with this opinion.

Hon. JOHN R. EAKIN did not sit in this cause.