SHARP *et al.* v. LANCASTER.

No. 913, Ind. T.    Opinion Filed March 9, 1909.

(100 Pac. 578.)

**INDIANS—Removal of Restrictions—"Alienation of Lands"—Mining Leases.** An oil and gas mining lease is an "alienation of lands," within the meaning of an act of Congress approved April 21, 1904 (Act April 21, 1904, c. 1402, 33 Stat. 204), providing that "all restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes of Indians who are not of Indian blood, except as to minors are, except as to homesteads, hereby removed."

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Action by O. M. Lancaster against J. R. Sharp and others. Judgment for plaintiff, and certain defendants bring error. Reversed and remanded.

On January 25, 1907, O. M. Lancaster, defendant in error, plaintiff below, brought suit in ejectment in the United States Court for the Indian Territory, Western District, at Tulsa, against J. R. Sharp and J. W. Sloan, plaintiffs in error, defendants below, and ———— Gaylord, the United States Loan & Trust Company, A. M. McKeever, Fred L. Sawyer, and Roy S. Litchfield, for the W. 1/2 of the N. W. 1/4 of section 8, township 17 N. range 12 E., of the Indian Meridian in the Western District of the Indian Territory containing 80 acres, more or less, of which he alleged himself to be the owner in fee, and entitled

to the immediate possession and deraigned his title: (1) By allotment deed from P. Porter, Principal Chief of the Creek Nation, duly approved by the ·Secretary of the Interior, to Zeke Moore, a citizen of said nation, not of Indian blood, for 120 acres of land in said nation other than his homestead, dated May 14, 1906, and duly recorded; (2) by quitclaim deed from Zeke Moore to G. R. McCollough dated December 14, 1906, and duly recorded in the office of the clerk of the United States Court at Sapulpa, December 17, 1906; (3) by quitclaim deed from said McCollough and wife to plaintiff, dated December 28, 1906, and duly recorded in said office December 29, 1906, copies of which said muniments of title were filed as exhibits to his complaint. He further alleged that defendants, and each of them, were in unlawful possession of said land, and prayed judgment and $1,000 damages for its unlawful detention.

On July 19, 1907, said J. R. Sharp and J. W. Sloan filed their joint answer, and, after denying plaintiff's ownership and right of possession generally, denied specifically that they were in possession of any portion of said land, except such as might be within the boundaries of a certain lease owned by them of the W. 1/2 of the N. W. 1/4 and the S. W. 1/4 of the N. E. 1/4 of section 8, township 17 N., range 12 E., containing 120 acres, more or less, and to such they defend their right of possession in so so far as such was necessary for the purpose of operating therein for oil, gas, and other mineral, and deraign their title: (1) By said allotment deed from P. Porter, Principal Chief of the Creek Nation, duly approved by the Secretary of the Interior, to said Zeke Moore; (2) by an oil and gas mining lease for 15 years from said Zeke Moore to the United States Loan & Trust Company, a corporation, dated June 1, 1906, and proven and duly recorded on July 10, 1907, in the office of the clerk of the United States Court at Sapulpa, Ind. T., of which it is alleged said G. R. McCollough and plaintiff had actual notice, at and prior to the time of the execution and delivery of said deed from said Moore to said McCollough, dated December 14, 1906; (3) by an indorse-

ment in writing on said lease by said United States Trust Company, whereby it for a valuable consideration transferred and assigned to J. Usher Carson said lease, and all its right, title, and interest in and to said lands, dated November 19, 1908, which said transfer and assignment were duly acknowledged, and of which it is alleged said McCollough and plaintiff also had actual notice prior to and at the time aforesaid; (4) by like transfer and assignment on the same day for value, by J. Usher Carson, of seven-eighths of all his interest in said lease to defendant J. R. Sharp, which said transfer and assignment were duly acknowledged, and on November 21, 1906, recorded in the office of the clerk aforesaid, and of which it is alleged said McCollough and plaintiff also had actual notice prior to and at the time aforesaid; (5) by like transfer and assignment on January 12, 1907, for value, by J. Usher Carson of his remaining one-eighth interest in said lease to defendant J. W. Sloan, which said transfer was duly acknowledged, and on the same day recorded in the office of said clerk, copies of which said muniments of title were filed as exhibits to their answer. The answer also set up an outstanding title to the lands sued for in Fred L. Sawyer, one of the defendants, derived by warranty deed from said Zeke Moore, dated July 28, 1906, of which it is alleged said McCollough and plaintiff had actual knowledge prior to, and at the time of, the execution and delivery of said deed from said Zeke Moore to said McCollough aforesaid, and prayed to go hence with their costs.

To this plaintiff demurred, on the ground that the same failed to state facts sufficient to constitute a defense in this: "(a) That said pretended lease, set out and described in said amended answer, shows that it is an oil and gas mining lease on the lands of a Creek freedman, and does not show or state that said pretended lease was approved by the Secretary of the Interior; (b) because it does not appear from said amended answer that the various transfers of said pretended oil and gas mining lease were approved by the Secretary of the Interior"—which was sustained by the court and exceptions saved, and, defendants electing to

stand on their answer, and plaintiff waiving damages and dismissing the suit as to M. A. McKeever, United States Loan & Trust Company, and Roy S. Litchfield, judgment was rendered in' favor of plaintiff against defendants for the land sued for, whereupon they took a writ of error to the United States Court of appeals for the Indian Territory, and the same is now before us for review as successor to that court.

*A. L. Beatty* and *Carol & Walker,* for plaintiffs in error. *Wrightsman & Diggs,* for defendant in error.

TURNER, J. (after stating the facts as above). It is contended, in effect, by plaintiffs in error that the court erred in sustaining the demurrer to their answer, because they say that prior to the execution and delivery by Zeke Moore to the United States Loan & Trust Company of the lease under which they claim, all restrictions upon the alienation of his lands, imposed by the act of Congress approved March 1, 1901 (Act March 1, 1901, c. 675, § 10, 31 Stat. 850), which reads, "Lands allotted to citizens hereunder shall not in any manner whatsoever or at any time be incumbered, taken or sold to secure or satisfy any debt or obligation contracted or incurred prior to the date of the deed to the allottee therefor, and such lands shall not be alienable by the allottee or his heirs, at any time before the expiration of five· years from the ratification of this agreement, except with the approval of the Secretary of the Interior," and the act ratified June 30, 1902 (Act June 30, 1902, c. 1323, § 16, 32 Stat. 503)·, which reads, "Lands allotted to citizens shall not in any manner whatever or at any time be incumbered, taken, or sold to secure or satisfy any debt or obligation, nor be alienated by the allottee or his heirs before the expiration of five years from the date of the approval of this supplemental agreement, except with the approval of the Secretary of the Interior," had been removed by that part of the act of Congress approved April 21, 1904 (Act April 21, 1904, c. 1402, 33 Stat. 204), which reads, "And all restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes of Indians who are not of Indian

blood, except minors, are, except as to homesteads, hereby removed." And for that reason, and as their rights as assignees thereunder are admitted on demurrer, the same conveyed to them a good lease-hold title to the lands therein set forth, with right of possession thereto. On the other hand, it is, in effect, contended and the court in sustaining the demurrer, in effect, held that said act, approved April 21, 1904, removing restrictions on "alienation" did not remove restrictions on leasing. Therein we think the contention untenable, and the court erred. In construing these acts we held, in the case of *John G. Eldred et al. v. Okmulgee Loan & Trust Company,* 22 Okla. 742, 98 Pac. 929, that by removing restrictions on "alienation" Congress intended to, and did, remove restrictions on leasing; that an oil, gas, and mineral lease was an "alienation" within the meaning of those acts, and for that reason the same did not require the approval of the Secretary of the Interior.

Although not recorded, plaintiff and his grantor, having actual knowledge of the lease at the time of the execution and delivery of the deed from Moore to plaintiff's grantor, as charged in the answer and admitted on demurrer, took subject to it. *Griesler at al. v. McKennon,* 44 Ark. 517; *Brown v. Hanauer,* 48 Ark. 277, 3 S. W. 27; *Byers et al. v. Engles,* 16 Ark. 543; 24 Am. & Eng. Enc. of Law, 131, and cases cited.

The case is reversed and remanded, with instructions to overrule the demurrer and proceed in accordance with this opinion.

All the Justices concur.